KNOLL, Judge.
Foremost Insurance Company (hereafter Foremost) appeals the judgment of the trial court awarding Jimmy and Brenda Bon-nette (hereafter Bonnettes) and Melvin and Peggy Wilson (hereafter Wilsons) the full amounts of comprehensive coverage provided them in their respective mobile home insurance policies. The Wilsons leased their mobile home to the Bonnettes; each family (the Wilsons as lessors/owners and the Bonnettes as lessees) separately insured the mobile home with Foremost providing $20,800 comprehensive coverage to the Wilsons and $21,000 to the Bonnettes. When the mobile home was completely destroyed by fire on December 24, 1983, Foremost adjusted the loss, paying $10,-808.42 to the Bonnettes and $11,149.58 to the Wilsons. The trial court awarded the Bonnettes and the Wilsons the full amount of comprehensive coverage, finding LSA-R.S. 22:667, the valued policy law, applicable, and that Foremost’s insurance policy was ambiguous when it described methods of payment other than the value assigned to the mobile home in the policy. Foremost contends that: (1) R.S. 22:667 is inapplicable; and (2) since R.S. 22:667 is inapplicable, the Bonnettes and Wilsons failed to prove the actual value of their loss, or its replacement value, or any other method of adjustment. We affirm, finding R.S. 22:667 applicable and Foremost’s other method of payment failed to comply with the exceptions provided in that statute.
VALUED POLICY LAW
Foremost contends that R.S. 22:667 is not applicable because its policy provides a method for computing loss other than the value set forth in the policy.
At the time this case was tried R.S. 22:667 provided:

*875
“In any case in which a policy includes coverage for loss of or damage to personal property of the insured, from whatever cause, if the insurer places a valuation upon the specific items of covered property and uses such valuation for purposes of determining the premium charge to be made under the policy, the insurer shall compute any covered loss of or damage to such property which occurs during the term of the policy at such valuation without deduction or offset, unless a different method is to be used in the computation of loss, in which latter case, the policy, and any application therefor, shall set forth in type of prominent size, the actual method of such loss computation by the insurer.

The provisions of this section shall not apply to insurance of the kind referred to in Paragraph (3) of R.S. 22:6 when the coverage pertains to land vehicles nor shall the provisions of this section apply to any property used primarily for business purposes. ”

The Foremost policy contains the following provision:

“OUR PAYMENT METHODS

The amount WE pay for loss of, or damage to YOUR mobile home, adjacent structures and personal effects except for the payment methods of Natural Disaster Protection will be the lowest of:

The difference between the actual cash value of YOUR property immediately before the loss and its actual cash value immediately after the loss or

The cost of repairing the damage, or The actual cash value of YOUR property immediately preceding the loss, or

The cost of replacing YOUR property, or

The amount of insurance shown on Page One.

WE may also replace the property with property of similar kind, quality and value. ”
The trial court ruled that Foremost was bound to pay the full amount indicated in the policy as the value of the mobile home because its alternate payment provisions were ambiguous. Although we disagree with the trial court’s conclusions that the alternate payments provisions were ambiguous, we nonetheless agree with its determination of this case because Foremost did not adhere to the requirements of R.S. 22:667 in establishing an exception to the valued policy law.
To fall under the exceptions of the valued policy law Foremost had to set out in prominent size of type in its policy and the insurance application that in case of loss, it would value the insured item according to a different standard than the value assigned in the policy. Foremost does not fall under the exceptions of R.S. 22:667 because: (1) the insurance application of neither the Bonnettes nor the Wilsons were introduced in evidence, therefore, there is no evidence that the application complied with the exception language contained in R.S. 22:667; and (2) the other payment method contained in the policy fails to meet the statutory requirement of showing the alternate methods of payment in prominent print. Therefore, because Foremost failed to comply with R.S. 22:667 the Bonnettes and the Wilsons are entitled to recover the full amount of the value recited in the policies.
In view of finding R.S. 22:667 applicable, we will not consider Foremost’s remaining assignment of error.
For the foregoing reasons the judgment of the trial court is affirmed. Costs of this appeal are assessed against Foremost Insurance Company.
AFFIRMED.